CLAFLIN, MELLEN & CO. v. IOWA CITY, GARNISHEE.

1. GARNISHMENT: SERVICE OF NOTICE. A notice of garnishment was directed to "P. A. Dey, Mayor of Iowa City; S. P. McCaddon, Recorder

of Iowa City, and Benjamin King, Treasurer of Iowa City;" and informed them that they, and each of them, was "attached and held as garnishee, as a debtor and as a person holding property of" the defendant: *Held* that the service of such notice did not give the court jurisdiction of Iowa City.

*Appeal from Johnson District Court.*

MONDAY, OCTOBER, 21.

EXECUTION issued on a judgment in favor of plaintiffs against John Clark. Under this, notice of garnishment was directed to "Peter A. Dey, Mayor of Iowa City, Samuel P. McCaddon, Recorder of Iowa City, and Benjamin King, Treasurer of Iowa City," informing them and each of them, that they were" attached and held as garnishee as a debtor and as a person holding property of said defendant." This writ was served on the 16th of July, A. D., 1860, by reading to Dey, McCaddon and King, and to each of them. On the 23d of November, 1860, McCaddon was asked this question: "Is Iowa City in any manner indebted to the defendant in this suit, or does said city owe him money or property which is not yet due. If so, state the particulars." To which he answered: "From the doings of the City Council of Iowa City, I do not believe that said city is in any manner indebted to said John Clark, or owes him money or property which is not yet due. On the 24th day of July last, the city appeared to be indebted to said John Clark, in the sum of $208.38. At that time the City Treasurer was directed by the City Council to give said John Clark credit for that amount on his city taxes.

The said McCaddon also stated, that as far as he knew, Clark had not been paid said $208.38, otherwise than by the credit aforesaid. Upon this answer alone, plaintiffs moved for judgment against Iowa City, which motion was overruled, and they appeal.

*Clarke & Davis* for the appellants.

*L. B. Patterson* and *Edwards & Ransom* for the appellee.

WRIGHT, J.—The objection is interposed and insisted upon, that Iowa City was never served with notice of garnishment; was never in court, and that as a consequence, there was no error in overruling this motion. As it involves a question of jurisdiction, it is first in order, and if ruled in favor of appellee, must dispose of the case. And it seems to us that it is well made.

"The attachment by garnishment is effected by informing the supposed debtor or person holding the property, that he is attached as a garnishee." (§ 1861, Code of 1851; § 3195, Rev. of 1860.) And debts due a defendant may be levied upon under execution, in the manner provided for attaching the same, and the proceeding by garnishment shall be the same as near as practicable. (§ 1892, Code 1851, Rev. 1860, §§ 3269–70.) In this case, Iowa City never was notified as a debtor of Clark. Dey, McCaddon and King were notified. It is true they are described as being the Mayor, Recorder and Treasurer of the City, but they are not even summoned as such officers. The notice was not served upon them as officers, nor was there any service upon any person as the representative of Iowa City, as the actual and doubtless intended defendant. The city was, therefore, never in courts to interpose any objection to any of the proceedings. And because McCaddon interposed no objection to answering a question, the purpose of which clearly was to arrive at the supposed indebtedness of the city to Clark cannot avail plaintiffs to the extent of estopping the corporation from denying the jurisdiction claimed. Nor do we know that the objection is made for the first time in this court. For aught that appears, the court below may

have overruled plaintiffs' motion on this very ground. Whether so or not, however, we are clear that it would have been error to have rendered judgment against the city under the circumstances disclosed.

Other questions are made, which need not be examined.

Affirmed.