## McCARTHY v. UNITED STATES SHIPPING BOARD MERCHANT FLEET CORPORATION.

### No. 5170.

Court of Appeals of the District of Columbia.

Argued Oct. 8, 1931.

Decided Nov. 2, 1931.

Petition for Rehearing Denied Nov. 21, 1931.

Margaret M. McCarthy, of Chicago, Ill., for appellant.

Leo A. Rover, E. L. M. Archey, and Wm. A. Gallagher, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appellant as plaintiff recovered judgment in the lower court in the sum of $10,415 against the defendant, William J. McCarthy, an employee of the United States Shipping Board Merchant Fleet Corporation. Plaintiff then charging fraud against the judgment debtor applied for a writ of attachment and garnishment, to be served upon the Fleet Corporation in aid of execution. Such a writ was issued, but was afterwards discharged by the court upon the ground that the judgment debtor was an employee of the Fleet Corporation in its character as an agency of the United States, and that attachment and garnishment would not issue to it to reach the salary of such an employee. This appeal was taken from that order.

We agree with the decision of the lower court. The judgment debtor was employed by the Fleet Corporation as manager of the terminals and real estate division of the operation department. All of such terminals and real estate were the property of the United States and were operated by the Fleet Corporation as a public agency in the performance of certain administrative functions of the government. The corporation is financed by the United States, the property operated by it belongs to the government, and it functions as an instrumentality or department of the government. Merchant Marine Act, 1920, c. 250, 41 Stat. 988; Skinner & Eddy Corporation v. McCarl, Comptroller General, 275 U. S. 1, 48 S. Ct. 12, 72 L. Ed. 131; Emergency Fleet Corporation v. Western Union Tel. Co., 275 U. S. 415, 48 S. Ct. 198, 72 L. Ed. 345; Fleet Corporation v. Harwood, 281 U. S. 519, 50 S. Ct. 372, 74 L. Ed. 1011.

It follows that the corporation cannot be made subject to attachment or garnishment in a case involving solely the rights and liabilities of other parties. "The exemption of a State from being made garnishee extends to its officers and agents. The same rule applies to Federal officers and agents. These exemptions are also sustained upon consideration of public policy." 28 C. J. 61. Pringle v. Guild (C. C.) 118 F. 655; Moscow Hardware Co. v. Colson (C. C.) 158 F. 199; Southwestern Ins. Co. v. Wells (D. C.) 217 F. 294; Dickens v. Bransford Realty Co., 141 Tenn. 387, 210 S. W. 644; Board of Directors, etc., v. Bodkin, 108 Tenn. 700, 69 S. W. 270; Buchanan v. Alexander, 4 How. 20, 11 L. Ed. 857.

Appellant contends that the Fleet Corporation has been held liable to be sued in certain cases upon its contracts and torts like a private corporation (Sloan Shipyards v. Fleet Corporation, 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762), and, accordingly, cannot claim to be exempt from garnishment as a public agency. This conclusion, however, is not warranted, for such an agency may be

permitted by law to sue or be sued upon its obligations without being subjected to attachment or garnishment in cases unrelated to its own duties or liabilities. The present case is governed by this rule. Dickens v. Bransford Realty Co., supra; State v. Tyler, 14 Wash. 495, 45 P. 31, 37 L. R. A. 207, 53 Am. St. Rep. 878; Board of Directors, etc., v. Bodkin, supra; Duval County v. Charleston Lumber Co., 45 Fla. 256, 33 So. 531, 60 L. R. A. 549, 3 Ann. Cas. 174; Mayor, etc., of Baltimore v. Root, 8 Md. 95, 63 Am. Dec. 692.

The order of the lower court is affirmed.

Justice HITZ took no part in the consideration or decision in this case.