**UNITED STATES v. BRECHTEL et al.**

**No. 10844.**

Circuit Court of Appeals, Eighth Circuit.

May 29, 1937.

L. W. Post, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and John J. Pringle, Jr., Sp. Assts. to Atty. Gen., and Edward G. Dunn, U. S. Atty., and William B. Danforth, Asst. U. S. Atty., both of Mason City, Iowa, on the brief), for the United States.

B. J. Flick, of Des Moines, Iowa, for appellees.

Before GARDNER, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from an order dismissing an action at law brought to enforce the liability imposed by section 1114 (e) (f) of the Revenue Act of 1926 (26 U.S.C.A. § 1610 and note). The statute is set out in the margin.[1]

The parties defendant to the petition in the action were "J. J. Brechtel, I. C. Eckhart, S. J. Francis, J. C. Nugent and H. Tabke, Board of Supervisors of Woodbury County; and Woodbury County, Iowa."

Judgment is prayed "against defendants and each of them."

A joint demurrer was interposed by the defendants to the petition, which was sustained. The grounds of the demurrer were:

"1. That it appears on the face of plaintiff's petition or complaint that this Court has no jurisdiction of the defendants or of the subject matter of the action.

"2. It appears on the face of the petition or complaint that the facts stated therein do not entitle the plaintiff to the relief demanded."

After the demurrer to the petition was sustained, plaintiff elected not to amend its petition, and an order and judgment were entered dismissing the action.

The present appeal followed.

An analysis of the statute above quoted discloses the following: (1) There must be a person in possession of the property; (2) the property must be subject to distraint; (3) a levy must have been made upon the property; (4) a demand must have been made by the collector or deputy collector upon the person in possession to surrender such property; (5) the property at the time of the demand must not be subject to an attachment or execution under a judicial process. Any person failing or refusing to surrender such property

---

[1] "(e) Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process. Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy.

"(f) The term 'person' as used in this section includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

shall be liable in his own person and estate to the United States, etc.

We turn next to the petition in the case at bar to learn what facts are alleged. The plaintiff is the United States. The defendants, other than Woodbury county, constitute the board of supervisors of said county. On September 9, 1935, and prior thereto, one H. M. Havner was indebted to the United States in the amount of $22,708.99 for income taxes for the calendar years 1920, 1923, 1924, 1925, 1926, and 1927. Further allegations from the petition are set out in the margin.[2]

---

2 "V. * * * that on August 31, 1935, and on September 3, 1935, pursuant to Section 3186 [as amended] of the Revised Statutes of the United States, a notice of tax lien in favor of the United States was duly certified and filed with the Clerk of the United States District Court for the Northern District of Iowa, upon all property and rights to property belonging to the said taxpayer, H. M. Havner. [Similar notice was certified and filed with the Clerk for the Southern District].

"VI. That on September 16, 1935, December 23, 1935, and January 17, 1936, the defendants, Board of Supervisors of Woodbury County, Iowa, and Woodbury County, Iowa, became indebted to said taxpayer, H. M. Havner, in the respective amounts of $2,325.00, $1,950.00 and $3,975.00, totaling $8,250.00, for services due and owing to the said H. M. Havner rendered at the special instance and request of the said defendants, Board of Supervisors of Woodbury County, Iowa.

"VII. That on September 9, 1935, pursuant to Section 3186 [as amended] of the Revised Statutes of the United States, a notice of tax lien in favor of the United States was duly certified and filed with the defendants, Board of Supervisors of Woodbury County, Iowa, and Woodbury County, upon all property and rights to property belonging to the said taxpayer, H. M. Havner, then held in the possession of the said Board of Supervisors of Woodbury County, Iowa, and Woodbury County, Iowa, said service being made on Henry Tabke, Chairman of the Board of Supervisors of Woodbury County, Iowa.

"VIII. That upon the failure and refusal of the defendants, the Board of Supervisors of Woodbury County, Iowa, and Woodbury County, Iowa, and each of them, to pay said taxes due, the Collector of Internal Revenue for the District of Iowa issued or caused to be issued warrants for distraint numbered 25494, 25495, 25496, 25497, 25498 and 25499, which he placed or caused to be placed in the hands of G. A. Kenderdine, Deputy Collector of Internal Revenue for the District of Iowa, for service thereof.

"IX. That at all times hereinabove mentioned and hereafter mentioned, and at the time of such notice of tax lien upon and demand for moneys, property and rights to property of said taxpayer, there was in the possession of the defendants and each of them moneys, credits and property rights of and belonging to the said H. M. Havner of Des Moines, Iowa, subject to distraint in the amount of $8,250.00; that on December 9, 1935, G. A. Kenderdine, Deputy Collector of Internal Revenue for the District of Iowa, served said warrants for distraint and levied upon the moneys, credits and property rights and belonging to the said H. M. Havner of Des Moines Iowa, in the hands of the defendants and each of them, and forthwith served said notice of levy on property, rights to property, moneys, credits and/or bank deposits and demand upon the defendants and each of them; that at the time of such levy, demand and service of tax lien upon the property rights, moneys, credits and/or bank deposits upon the said defendants, the said defendants, by and through the said Board of Supervisors of Woodbury County, Iowa, and its Chairman, H. Tabke, and each of them, failed and refused to surrender, deliver or pay over to the said Deputy Collector of Internal Revenue rights to property, moneys, credits and/or bank deposits in the amount of $8,250.00 then in the possession of defendants and each of them.

"X. That on December 9, 1935, G. A. Kenderdine, Deputy Collector of Internal Revenue for the District of Iowa, served or caused to be served upon defendants and each of them notice and demand, as set forth in Exhibit A, hereto attached and made a part hereof, for surrender, delivery and payment over to him of such property, rights to property, moneys, credits and/or bank deposits belonging to the said H. M. Havner in the hands of the said defendants and each of them against which levy was made September 9, 1935, which defendants and each of them refused to surrender, deliver or pay over to said Collector.

"XI. That at the time of such levy, demand and service of notice of levy on property, rights to property, moneys, credits and/or bank deposits, the said moneys, credits, property, rights to property and/or bank deposits of H. M. Havner, Des Moines, Iowa, in the hands of

Attached to the petition of plaintiff was Exhibit A, which consisted of (1) "final notice and demand" that payment be made to the Collector of Internal Revenue of any property of H. M. Havner; and (2) of "notice of levy" on property of H. M. Havner. This "final notice and demand" and "notice of levy" were each addressed to "Henry Tabke, Chairman, Board of Supervisors, Woodbury County, Iowa," and a copy of each was left with Mr. Tabke.

It is of course fundamental that the allegations of the petition relative to Exhibit A are to be read in connection with the copy of Exhibit A which is attached to the petition.

We are also required to take judicial notice of the relevant statutes of the State of Iowa.

When the allegations of the petition are thus read, it is clear that the "final notice and demand" and the "notice of levy" of December 9, 1935, were not binding on Woodbury county because not addressed to it. See In re Paving Assessments, 193 Iowa, 1234, 188 N.W. 780; Lundy v. City of Ames, 201 Iowa, 186, 206 N. W. 954; Steele v. Murry, 80 Iowa, 336, 45 N.W. 1030; Claflin, Mellen & Co. v. Iowa City, 12 Iowa, 284.

The papers left with Tabke were not binding upon the supervisors other than Tabke because they were neither addressed to them nor served upon them.

The concession by the attorney for appellees in his brief that the notice of levy and final notice and demand which were left with Henry Tabke addressed to him accomplished notice to Woodbury county, was corrected on the oral argument, and authorities submitted contra.

It is true that in paragraphs VIII and IX of the petition there is an allegation that certain warrants for distraint were served, but it is not alleged that they were served upon any particular defendant.

Furthermore, the Code of Iowa, 1935, contains the following:

"5156. *Duties.* The Treasurer shall receive all money payable to the county, and disburse the same on warrants drawn and signed by the county auditor and sealed with the county seal, and not otherwise, and shall keep a true account of all receipts and disbursements, and hold the same at all times ready for the inspection of the board of supervisors. * * *

"5165. *Funds—separate account.* The treasurer shall, for each term of his office, keep a separate account of the several taxes for state, county, school, highway, or other purposes, and of all other funds created by law, whether regular, temporary, or special, and no moneys in any such fund shall be paid out or used for any other purpose, except as specially authorized by law. The treasurer shall charge himself with the amount of the tax or other fund and credit himself with the amounts disbursed on each and with the amount of delinquent taxes, when authorized to do so."

It would seem to follow from these provisions, with the attendant presumptions of regularity, that notwithstanding the allegations of the petition, neither the defendant Henry Tabke, in his official capacity as chairman of the board of supervisors of Woodbury county, Iowa, nor any of the individual defendants had in their possession or under their control any property, or rights to property, of H. M. Havner. The treasurer of Woodbury county, Iowa, is the only person under the law who has the possession and control of the money of said county.

Finally, we think that the money in the hands of the treasurer of Woodbury county owing to H. M. Havner was not shown by the petition to be "subject to distraint." See 49 C.J. p. 151, § 167, and cases cited.

The petition alleges that such moneys so owing were for services rendered by said Havner at the special instance and request of said defendants. We think these allegations were not sufficient to show that the moneys were "subject to distraint."

We shall not discuss this phase of the case at length but simply call attention to the following authorities: The Collector v. Day, 11 Wall. 113, 20 L.Ed. 122; Indian Motocycle Co. v. United States, 283 U.S. 570, 51 S.Ct. 601. 75 L.Ed. 1277; Brush v. Commissioner, 57 S.Ct. 495, 81 L. Ed. ——, opinion of the United States Supreme Court, filed March 15, 1937; Mc-

---

the defendants and each of them was not subject to any lien, attachment or execution levied thereon under any judicial process other than such levy made by said Deputy Collector on September 9, 1935."

Grew v. McGrew, 59 App.D.C. 230, 38 F. (2d) 541; McCarthy v. U. S. Shipping Board, 60 App.D.C. 311, 53 F.(2d) 923.

It is true that none of the foregoing cases involved suits under section 1114 (e) (f) of the Revenue Act of 1926, but we think the broad principles enunciated have a direct bearing upon the case at bar.

The order and judgment appealed from should be affirmed.

It is so ordered.