**BUMPUS v. REMINGTON ARMS CO., Inc.**

No. 4537.

District Court, W. D. Missouri, W. D.

March 27, 1948.

Henry A. Riederer and Frederick J. Freel, both of Kansas City, Mo., for plaintiff.

Lathrop, Crane, Sawyer, Woodson, Righter and H. F. Blackwell, Jr., all of Kansas City, Mo., for defendant.

REEVES, District Judge.

Attorneys for plaintiff have filed a motion for a rehearing and in doing so are very emphatic. Greater emphasis is incorporated in their suggestions in support of said motion than in the motion itself.

For instance, the motion assigns as reasons, among others, for a rehearing:

"1. Because the court's holding * * * is based upon inference and speculation, and is a finding of fact not based upon evidence submitted to the court."

"3. Because the court's holding * * * did not take into consideration the 'four corners' of the contract * * *."

"4. Because in holding that plaintiffs' complaint failed to state a cause of action cognizable in this court * * * the court has failed to follow and its opinion and decisions are in conflict with certain controlling decisions, to the contrary, cited by plaintiffs in their suggestions, and with the Federal Rules of Civil Procedure and the weight of authority interpreting the same."

"5. Because the court's holding * * * is a conclusion of law not based upon facts and evidence submitted by the parties hereto and properly before the court, and is inconsistent with and contrary to that portion of the contract which provides: 'An em-

ployee is considered to be working, if he is required to be on duty.' "

In the Suggestions in Support of Motion for Rehearing counsel say that their motion should be granted "to correct manifest error in the memorandum opinion dated December 10, 1947 * * *," and, "to set aside Paragraphs numbered 4 and 5 of the Court's memorandum opinion, and to amend the finding therein to conform with the accepted rule of the majority of the decisions and the well-recognized interpretation of the new Federal Rules of Civil Procedure," 28 U.S.C.A. following section 723c.

Counsel say:

"D. * * * these decisions and the weight of authority * * * are directly at variance with that part of the memorandum opinion, which disposes *in a cursory manner of valid claims inuring to plaintiffs * * *.*"

" * * * plaintiffs would still be entitled to their day in Court to prove their claim on custom and practice."

" * * * plaintiffs challenge the Court's conclusion in Par. 5 on page 7 of the opinion * * * and earnestly entreat the Court to note that the Portal Act, Article 2, paragraph a, subparagraph 2, does not require such custom and practice to be dependent upon a written contract, * * *."

" * * * we feel the Court will want to correct its position with respect thereto * * *."

"Conclusion * * * We feel that the most ardent foe of the common man and the most fervent sponsor of the so-called Portal-to-Portal Act could not have contemplated at any time that these plaintiffs would be cast out of Court without any hearing when the complaint as recognized by the Court plainly states a claim under the provisions of the new Act."

"Plaintiffs, by reason of the Court's failure to rule on that part of the motion relating to their cause of action under Executive Order 9240 [40 U.S.C.A. § 326 note], find themselves in the anomalous position of being ruled out of Court without any finding either of fact or of law relative to their claim based on said Executive order; and denied a trial on their claims under the Portal Act by finding of

fact based on an inference, without having had the opportunity to present the real facts on their cause of action under the Portal-to-Portal Act. * * *."

By these averments it was unquestionably the purpose of diligent counsel to stimulate and arouse the judicial conscience. The language should be considered adequate for that purpose. In writing as they did, no doubt able counsel felt that apathy and lethargy are the relentless enemies of all human institutions and they were eager to put such foes to flight in this case.

Pursuant to this motion, supported by vigorous suggestions, the pleadings have been re-examined.

1. Contrary to the statements of counsel, no findings of fact were made in the case. The status of the case did not call for such. The opinion was based entirely upon the pleadings, and particularly the complaint.

2. Adverting to the history of the case and the chronology of pleadings filed, it is to be noted that the complaint for unpaid wages and damages was filed on January 21, 1947. The case then was based upon the famous case of Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515. Subsequently, to wit, on March 18, 1947, the plaintiff filed her First Amended Complaint, which was but an amplification of the first complaint, with the introduction of parties "similarly situated" as claimants.

As is well known, the Anderson case was considered in the nature of judicial legislation, and the Congress promptly enacted a law designed to repeal such judicial legislation. The so-called Portal-to-Portal Pay Act was approved May 14, 1947, 29 U.S.C.A. § 251 et seq. Clearly, by the Congressional enactment, plaintiff's pleadings failed to confer jurisdiction upon the federal court or, if such jurisdiction had been conferred, it was wholly taken away by the Congressional enactment.

On July 25, 1947 plaintiff, through her attorneys, filed an Amended Complaint, and by such complaint undertook to conform her pleadings to the exception incorporated in the Portal-to-Portal Act. Such an exception, in effect, maintained or retained the jurisdiction of the United States District

Courts in those cases where the activity was compensable by:

Title 29 U.S.C.A. § 252.

"(a) * * * (1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) A custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer."

Such last amendment of the complaint was by interlineation and contained, among others, the following averments: "Plaintiff alleges that all of said work, duties and mental and physical exertion done and performed by herself and such other similarly situated parties was to be paid and compensated for by defendant *by reason of and under the terms of the express provisions of the contract or agreement hereinbefore referred to, as well as other agreements or contracts executed for the benefit of plaintiffs* * * *." (Italics mine).

Counsel then set out verbatim et literatim the "express contracts referred to herein * * * :"

"A" "Contract dated November 20, 1940, with amendments thereto between *defendant* and the *United States of America.*" (Italics mine).

Among other provisions of the contract were the following:

"B" "Information Published by Defendant in 1941 for Employees: Overtime Payment: 'Compensation at the rate of one and one-half times the regular hour rate is paid for all time worked in excess of 40 hours in any one pay week, for time worked in excess of 8 consecutive hours, and for time worked on certain specified holidays, although overtime will be paid only once for extra time worked' * * *."

"Hours of Work: Working hour schedules are posted in each Area and vary slightly to suit the needs of the particular department. * * *."

" 'It is very important that you punch your time card immediately upon entering the plant and likewise at the end of the shift.' " " (Information for Employees, VI, Hours and Attendance, page 14.) "

"C" " 'Service Manual Issued by Defendant 1941 * * *

" 'Section V. Fair Labor Standards Act of 1938 [29 U.S.C.A. § 201 et seq.] Definition of "Hours Worked", Work Day and Work Week.'

"The Administration has issued the following definitions with respect to the terms —

" 'Hours Worked—For the purpose of these regulations the term "hours worked" shall include all time during which an employee is *required by this employer to be on duty or to be on the employer's premises or to be at a prescribed work-place.'* " (Italics mine.)

And then followed an interpretation of "Hours Worked", as follows: " 'Hours Worked—' will continue to be interpreted as at present, i. e., *actual working time considered.* * * *." (Italics mine).

"An employee is considered to be working if he is required to be on duty."

Counsel did not set out the terms and provisions of any custom or practice alleged generally. Moreover, it is to be noted that the contract specifically pleaded by counsel was not a contract between the employee-plaintiff and the employer-defendant but was a contract with the Government. By the terms of that contract the defendant was required to post schedules and to furnish information to the employee with respect to working hours.

Counsel contend that the court did not consider the "four-corners" of the contract. On the contrary, this was precisely what the court did. Aside from the fact that there was no contract between the plaintiff and her employer in writing, as required by the Portal-to-Portal Act yet the contract with the Government prescribed the time for which payment should be made and such requirement clearly did not contemplate payment for such preparations as

might have been essential by the employee for the day's employment or for such time as may have been consumed in preparing to leave the place of employment at the end of the day.

3. This case was extensively argued, though the point is a very simple one. Either the plaintiff is within the exception to the Portal-to-Portal Act or she is not. To accord to diligent counsel what they claim would be their "day in court" would be to try a protracted and expensive lawsuit with the absolute certainty, as this court believes, that, upon appeal, the appellate court would rule that the trial court had no jurisdiction and therefore it would be an injustice to their client as well as to her adversary.

If counsel is not satisfied with the decision here it would be a simple matter and an inexpensive procedure to have the Court of Appeals say whether or not the complaint states a cause of action. If it should do so, then the lawsuit is at an end save only for the plaintiff and those similarly situated to prepare and establish their claims. If there be doubt in the matter counsel ought to welcome the opportunity to have the Court of Appeals decide whether the complaint states a cause of action.

4. It was the purpose of the Congress by the Portal-to-Portal Act to take away the jurisdiction of the federal courts in cases of this kind. If the plaintiff is within the exception, then, in clear, lucid and well understood pleadings the plaintiff ought to put herself within such exception.

5. Counsel complain because the court did not discuss Executive Order 9240, dated Sept. 9, 1942 and amended Sept. 17, 1942, by Executive Order 9248, 40 U.S.C.A. § 326 note. It seems an extraordinary demand that counsel make. This executive order did not create a cause of action on behalf of any employee. On the contrary, its purpose was to eliminate possible claims by employees. In clear language it said: "A. No premium wage or extra compensation shall be paid to any employee in the United States, its territories or possessions, for work on Saturday or Sunday except where such work is performed by the employee on the sixth or seventh day worked in his regularly scheduled workweek * * *."

Again, "B. No premium wage or extra compensation shall be paid for work on customary holidays except that time and one-half wage compensation shall be paid for work performed on any of the following holidays only:

New Year's Day
Fourth of July
Labor Day
Thanksgiving Day
Christmas Day

and either Memorial Day or one other such holiday of greater local importance."

Surely counsel did not take the time to examine this easily understood Executive Order.

Judge Bland of the Kansas City Court of Appeals, in Adams v. Long, Mo.App., 202 S.W.2d 112, in an elaborate and an exhaustive opinion (loc. cit. 123) discussed the purpose of Executive Order 9240. The interpretation by Judge Bland placed a limitation upon liability and said it was not the creation of a liability or a cause of action.

6. The pleadings in this case are replete with statements of conclusions by the pleader and in no case are the averments supported with those details that would enable counsel to bring their case within the exception set out in the Portal-to-Portal Act. The rule is well stated in one of the cases cited by counsel: Walling v. Fairmont Creamery Co., 8 Cir., 139 F. 2d 318, loc. cit. 322: "When written documents are relied on, they must be exhibited in full. The statement of the substance of written instruments or of affiant's interpretation of them or of mere conclusions of law or restatements of allegations of the pleadings are not sufficient."

7. The written instructions posted for employees by the defendant pursuant to its contract with the Government completely negative the existence of any custom or practice as vaguely intimated by counsel.

8. Counsel have solicited an opportunity to reargue the case. As indicated, the case was extensively argued, briefs cover-

ing every conceivable point have been filed. All of these have been considered. The court gave its best judgment in the memorandum opinion filed December 10, 1947, and again has taken the time to review the pleadings as well as the briefs. Further argument would not be helpful.

9. Counsel for defendant courteously insist that the case in not within the Interstate Commerce Law, 49 U.S.C.A. § 1 et seq. The defendant agreed with the Government that its business should be so considered and precluded itself from raising this question.

The motion for a rehearing should be and will be denied.