**UNITED STATES of America,**
**Plaintiff,**

v.

**Christian ECHEVARRI and his wife Caridad Junco De Echevarri et al.,**
**Defendants.**

**Civ. No. 74-173.**

United States District Court,
D. Puerto Rico.

July 9, 1974.

**22**

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for plaintiff.

Hartzell, Ydrach, Mellado, Santiago, Perez & Novas, San Juan, P. R., for defendants.

## OPINION AND ORDER

TOLEDO, Chief Judge.

This action is before the Court on defendants' motion to dismiss, to quash return of service of summons or to require a more definite statement. Several objections have been raised as to the validity of the service of summons, which was effected under the substituted service statute of the Commonwealth of Puerto Rico, Title 32, Laws of Puerto Rico Annotated, App.Rule 4.7(b).

The principal issue is whether or not a summons issued through substitute service as provided by Rule 4.7 of the Rules of Civil Procedure of Puerto Rico (in accordance with Rule 4(e) of the Federal Rules of Civil Procedure), is sufficient when the copy mailed by registered mail to the actual defendant is not signed by the Clerk of the Court or his deputy and does not bear the seal of the Court. It is further alleged that the complaint as delivered to the defendants does not state a claim on which relief can be granted in that the documents referred to and incorporated therein as Appendixes I and II are not a part of the complaint delivered to the actual dedants.

When, under Rule 4(e), service is made pursuant to a statute or rule of court of a state, the summons, or notice, or order in lieu of summons shall correspond as nearly as may be to that required by the statute or rule. Moore's Federal Practice 2d ed. 1970, Vol. 2, pp. 999, 1000.

Service of process should not, however, be set aside lightly, and errors, defects, or delays which cannot affect the substantial rights of the parties should be disregarded. 72 C.J.S. Process § 108.

In the present case the defendants have not argued that the summons served upon their agent by law, the Secretary of State, was not served under seal of this court, signed by the Clerk or his deputy. Moreover, it has not been alleged that the copy of the complaint

served upon their agent by law did not include the appendixes absent from the notice mailed by registered mail to the actual defendants.

Rule 4.7 of Rules of Civil Procedure of Puerto Rico requires that the original process be served upon the defendants' agent by law. The United States Supreme Court has held that such statutes do not constitute a denial of due process of law when the statutes also provide a reasonable method of sending notice to the nonresident, either by the state officer served or by the plaintiff. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446; Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158.

It is apparent in this case that not only did Rule 4.7 of the Puerto Rico Rules of Civil Procedure make it reasonably probable that notice of service on the Secretary of State would be communicated to the nonresident defendant who is sued, but also assured that the notice would be received by the actual defendants by requiring the copy to be sent by registered mail. The defendants in their own affidavit admit that the notice was mailed to and received by them in Texas. Under these circumstances it must be held that the notice sent to the defendants corresponds as nearly as may be practicable to that required by Rule 4.7 and that this substantial compliance easily meets due process requirements.

In an analogous case, Kramer v. Scientific Control Corp. et al, 365 F.Supp. 780, it was held that "process would not be found insufficient because summons served on defendant failed to conform to requisites of federal rule, in that it did not have the seal of the court impressed on it, where return of deputy marshal stated that defendant had been served and defendant did not attach summons or copy thereof to motion to dismiss nor assert any material prejudice to his substantial rights resulting from alleged absence of seal." This case dealt with a separate and additional summons requested to be issued by plaintiff, as provided by Federal Rule 4(a). The original summons was issued pursuant to Rule 4(b) with the signature of the Clerk and seal of the court affixed.

The defendants cited three cases in support of part of their motion which refers to the plaintiff's failure to include Appendixes I and II (copy of original note and copy of original guaranty) as a part of the complaint that was mailed along with a copy of the summons. In Bumpus v. Remington Arms Co., 77 F.Supp. 94 (W.D.Mo.1948), it was stated that any document relied on in the pleadings must be exhibited in full. In Peoples Natural Gas Co. v. Federal Power Commission, 75 U.S.App.D.C. 235, 127 F.2d 153 (1942), it was held that any written instrument which is an exhibit to a pleading is a part thereof for all purposes. Finally, in United States v. Brechtel, 90 F.2d 516 (8 Cir. 1937), it was said that the allegations of a pleading and exhibits to it are to be read in connection with each other.

Based on these aforementioned cases the defendants argue that without the cited appendixes, the complaint served upon them fails to give due notice of plaintiff's action and does not state a claim upon which relief can be granted. Against this contention, the plaintiff responds that their exclusion was inadvertent and that both appendixes will be willingly given to defendants.

It seems that the complaint as received by the defendants is sufficient enough for them to be able to frame a responsive pleading and that the absent appendixes could have been acquired through discovery. (Moore's Federal Practice 2d ed. 1970, Vol. 2A 1201 History of Rule; Committee Notes). Furthermore, the original process was served upon the defendants through service upon their agent by law, and it was not argued that the appendixes were excluded from this copy of the complaint. Of course, these appendixes

should be exhibited in full, should be a part of the pleadings for all purposes and should be read in connection with the allegation of the pleadings when the issues are decided on the merits.

Motion for a more definite statement was not considered separately due to plaintiff's willingness to provide copies and then request that defendants be given reasonable time to respond after their reception.

Wherefore, defendants' motion is hereby denied.

It is so ordered.