### McGREW et ux. v. McGREW. *

### McGREW v. McGREW et ux.
### Nos. 4797, 4799.

Court of Appeals of District of Columbia.
Argued Jan. 8, 1930.
Decided Feb. 4, 1930.

*Certiorari denied 50 S. Ct. 349, 74 L. Ed. —.

See, also, 298 F. 204; 56 App. D. C. 401, 11 F.(2d) 998.

Benjamin S. Minor, H. Prescott Gatley, and Arthur P. Drury, all of Washington, D. C., for John L. McGrew et ux.

Olive B. Lacy, of Washington, D. C., for Olive S. McGrew.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

It appears that on March 30, 1921, Olive S. McGrew recovered a judgment by consideration of the Supreme Court of the District of Columbia, against John L. McGrew, her former husband, in the sum of $7,629.75, with interest and costs; that an execution was issued upon the judgment, which was returned unsatisfied, indorsed nulla bona; that the judgment remains in full force and entirely unpaid; and that the judgment creditor has not since been able to discover any property in the name of the judgment debtor upon which an alias execution may be levied.

On November 3, 1926, Olive S. McGrew, the judgment creditor, as plaintiff, filed the present suit against John L. McGrew, the judgment debtor, and Catherine McGrew, his present wife, charging them with fraudulently concealing his assets in order to defeat the collection of the plaintiff's judgment, and alleging that the following described property belonging to him was collusively held in the name of his present wife with such fraudulent intent, to wit: (a) Lot 3168 located on Eighteenth Street North-west, in the city of Washington, (b) a certain Buick automobile purchased on November 14, 1922, and (c) the contents (undescribed) of a certain safety deposit box in the American Security & Trust Company. The bill also alleged that the judgment debtor was then an employee of the United States government in the Bureau of Internal Revenue, and was in receipt of a salary of $4,800 a year, payable in monthly installments of $400 each, which cannot be reached through the ordinary processes of law. The plaintiff prayed that the described property be subjected by order of the court to the payment of the judgment, and that a receiver be appointed by the court for that purpose, and furthermore that the court should order the judgment debtor thereafter to pay over to the receiver the monthly salary paid to him by the government in excess of the sum of $100, "to wit, $300 a month as the same is received by him," to be applied to the payment of the judgment.

The defendants answered, admitting the recovery of the judgment by plaintiff, that it was unpaid, and that the defendant John L. McGrew was an employee of the government and was in receipt of a salary of $4,800 per annum, but denying all charges of fraud and collusion. The defendants particularly denied that John L. McGrew had any interest in the Buick automobile, the contents of the safety deposit box, or lot No. 3168, as charged in the bill, or that the title thereto was held for him by his codefendant. Defendants also set up a plea of laches and the statute of limitations, and res adjudicata, as to the issue relating to the real estate named in the bill.

The lower court, after hearing the evidence, sustained the plaintiff's charge of collusion and fraud upon the part of the defendants, and ordered that the receiver should sell the Buick automobile and apply the proceeds to the payment of the judgment, and should open the safety deposit box and report the contents thereof to the court for its further orders herein. The court, however, sustained the defendants' plea of res adjudicata as to the real estate named in the bill. The court furthermore entered the following order in reference to the salary of the defendant John L. McGrew, as an employee of the United States government, to wit:

"Fourth. That the defendant John L. McGrew be, and he hereby is, directed and required to pay and deliver to the Receiver hereinafter named and appointed, each and

every month, until the further order of this Court the salary received by him as an employee of the United States Government, whatever it may be, in excess of One Hundred Dollars ($100.00), each month, when and as said salary is received by him."

The court appointed a receiver in the cause, "with full power and authority to demand, collect and receive from the defendant John L. McGrew, each and every month, until the further order of this Court, the salary received by him as an employee of the United States Government, whatever it may be, in excess of One Hundred Dollars ($100.-00) each month, when and as said salary is received by the said John L. McGrew," and that all funds coming into the hands of the receiver should be applied toward the satisfaction of the judgment aforesaid, "until said judgment shall be fully paid, together with the taxed costs of this cause."

The plaintiff below has appealed to this court from so much of the lower court's decision as sustains the defendants' plea of res adjudicata in relation to the real estate named in the bill. The defendants below have appealed from so much of the lower court's decision as relates to the automobile and contents of the safety deposit box, and also the orders relating to the salary of the defendant as an employee of the United States government.

We have read the testimony in the record in relation to the automobile, and find no substantial evidence therein that it was, in fact, the property of John L. McGrew, or was fraudulently held by his wife, in her name, for the purpose of defeating the rights of his creditors. As to the unknown contents of the safety deposit box, the evidence is so meager that it is difficult to reach a conclusion about it. It appears, however, that the contents of the box, whatever they may be, are already under an attachment based upon the same judgment, and levied in another case brought by Olive S. McGrew, and we think that the rights of the parties can best be worked out through the instrumentality of that case.

As to the plea of res adjudicata interposed by the defendants relative to the real estate named in the bill, to wit, lot No. 3168 Eighteenth Street Northwest, in Washington, the evidence is clear that the plea was rightly sustained. On January 15, 1923, the plaintiff in the present suit filed a judgment creditor's bill in the lower court against the defendants named in the present case, setting out the same facts relative to the recovery of the judgment, the issuing of execution thereon, the return of nulla bona, and the inability of the plaintiff to discover property of the debtor from which satisfaction of the judgment could be obtained at law. The bill alleged that the record title to lot No. 3168 Eighteenth street, in the city of Washington, being the same property as that now in question, was held by Catherine D. McGrew for the benefit of John L. McGrew, who was the real owner thereof in equity. The plaintiff claimed that the interests of each of the defendants in the property was in equity subject to be sold, and the proceeds thereof applied to the payment of the judgment, and alleged that "to that end she files this her bill of complaint." The prayer of the bill reads as follows:

"First. That process may issue to said defendants, and each of them, commanding them, and each of them, to appear to and answer the exigency hereof;

"Secondly. That said defendants may severally discover and disclose the interests respectively of each in the said pieces or parcels of land and premises;

"Thirdly. That the said pieces or parcels of land and premises, and each of them, may be decreed to be subject to the payment and satisfaction of plaintiff's judgment aforesaid, and that in that behalf and to that end the same, and each of them, may be sold and the proceeds thereof applied accordingly.

"Fourthly. That to the ends aforesaid, and each of them, all necessary proceedings may be had and orders made; and

"Fifthly. That she may have such other and further relief in the premises as the nature of the case may require."

The defendants in the suit filed separate answers, in both of which it was alleged that Catherine D. McGrew was the absolute owner of the premises in question, and it was denied that she held the same for the benefit of John L. McGrew, or that the latter had any interest, right, or ownership therein.

This case was heard by the lower court upon the pleadings and testimony, and it was adjudged, ordered, and decreed by the court that the bill of complaint be, and the same was, dismissed, with costs.

It is plain that in the prior case as in the present one the plaintiff maintained that the title to the real estate in question was held by Catherine D. McGrew in trust for her husband, John L. McGrew, and sought to subject the same by equitable decree to the

payment of the judgment herein set out. The answers in both cases alike deny such claims, and accordingly raise the same issue. It follows necessarily that the court's decree dismissing the first case was an adjudication of the issue, and the plaintiff cannot relitigate it in this case. The fact that interrogatories in aid of a discovery were submitted as part of the first bill, and not of the second, is immaterial in this respect. Nor does the fact that charges of fraud appear in the second bill, and not in the first, affect the question. For, nevertheless, the issue in each case is whether John L. McGrew was the owner in equity of any interest in the real estate to which Catherine D. McGrew held the legal title. We accordingly agree with the ruling of the lower court sustaining the plea of res adjudicata as to the issue relating to the real estate described in the bill. The Haytian Republic, 154 U. S. 118, 129, 14 S. Ct. 992, 38 L. Ed. 930; United States v. California Bridge Co., 245 U. S. 337, 341, 38 S. Ct. 91, 62 L. Ed. 332; Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069.

We think, however, that the lower court erred in ordering that the defendant John L. McGrew should pay over monthly to the receiver all of the salary thereafter to be received by him as an employee of the United States government, except the sum of $100 per month which he was permitted to retain therefrom.

It is conceded that the defendant's salary as a government employee cannot be reached by attachment or other process issued in an action at law. To permit this "at all times it would be found embarrassing, and under some circumstances it might be fatal to the public service. The funds of the government are specifically appropriated to certain national objects, and if such appropriations may be diverted and defeated by state process or otherwise, the functions of the government may be suspended." Mr. Justice McLean in Buchanan v. Alexander, 4 How. 20, 11 L. Ed. 857. The reason for this rule applies with equal force to a court order compelling a public officer or employee under the penalties of the law to pay over his salary, or part thereof, as and when received by him, to be credited upon a judgment theretofore recovered at law against him. The result of such a proceeding, if sustained, would indirectly subject the public service to equal embarrassment with that resulting from the service of an attachment or garnishment at law, and the creditor would accomplish indirectly what he is forbidden to do directly.

Moreover it is well established that unearned salary cannot be reached by attachment or garnishment. In Browning v. Bettis, 8 Paige (N. Y.) 568, the Chancellor when passing upon a creditor's bill to reach the salary or compensation of a deputy marshal for the performance of services not yet completed at the time of filing the bill said:

"But the complainant had no right to reach, by this bill, the compensation to which the judgment debtor might thereafter become entitled, under the laws of the United States, when he should have completed the census and made a return thereof to the marshal."

See 15 C. J. 1407; Tompers v. Tompers (Sup.) 159 N. Y. S. 817; Valentine v. Williams (Sup.) 159 N. Y. S. 815.

The order in question is also obnoxious in principle to the provisions of section 113, D. C. Code, forbidding imprisonment for debt, for necessarily it threatens the defendant with punishment as for contempt of court if he fails to pay certain sums of money, at certain times in the future, in satisfaction of an existing debt.

The decree of the lower court in so far as it sustains the defendants' plea of res adjudicata is affirmed; and it is reversed in so far as it sustains the plaintiff's contention as to the automobile, the contents of the safe deposit box, and the order requiring the payment of part of the defendant's salary to the receiver. Costs of appeal assessed against Olive S. McGrew; and the cause is remanded for further proceedings not inconsistent herewith.