SCHAUER, J.
Plaintiff, which has a judgment against defendants Ben Taft Karnes and his wife, Matilda Karnes, for a common necessity of life (medical services furnished to their minor child by plaintiff's assignor) instituted proceedings under section 715 of the Code of Civil Procedure to compel defendants to apply in partial satisfaction of the judgment certain moneys earned by the defendant husband, as a member of the United States Navy, and which it was anticipated would be paid to him or his codefendant at a subsequent time, in due course of governmental business. From an order denying plaintiff’s motion and discharging the proceedings, this appeal is taken.
The above-mentioned section 715 of the Code of Civil Procedure provides that “After the issuing of an execution against property, and upon proof ... to the satisfaction of a judge . . . that any judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, such judge . . . may, by an order, require the judgment debtor to appear, ... to answer concerning the same; and such proceedings may thereupon be had for the application of the property of the judgment debtor toward the satisfaction of the judgment as are provided upon the return of an execution.”
It will be noted that the foregoing section has reference to a case where the judgment debtor himself has property which he unjustly refuses to apply toward satisfaction of the judgment. A further section, number 717, makes provision for the case where there is shown to be a debt due to the judgment debtor from a third person. It declares: 1 ‘ After the issuing or return of an execution against property of the judgment debtor . . . and upon proef ... to the satisfaction of the judge . . . , that any person or corporation has property of such judgment debtor, or is indebted to him in an amount exceeding fifty dollars, the judge . . . may, by an order, require such person or corporation ... to appear . . . and answer concerning the same.”
*Supp. 769 Said sections 715 and 717 of the Code of Civil Procedure are parts of a general plan (pt. 2, tit. 9, chap. 2, Code Civ. Proc.) for proceedings supplemental to execution in aid of the judgment creditor to the end of securing satisfaction of his judgment (11 Cal. Jur. 146). In furtherance of such plan, section 718 of the said code authorizes the court to require the attendance and take the testimony of witnesses in such proceedings; section 719 declares the power of the judge, or referee appointed by the judge, to ‘1 order any property of the judgment debtor, not exempt from execution, in the hands of such debtor, or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment” and section 720 provides for the prosecution of an independent action by the judgment creditor where “it appears that a person or corporation, alleged to have property of the judgment debtor, or to be indebted to him, claims an interest in the property adverse to him, or denies the debt”. Aside from the independent action provided for by said section 720 and the normal use of a writ of execution on tangible property, such supplemental proceedings contemplate enforcement of the orders of the court or referee through punishment for contempt for failure to obey them.
In the case before us the proof established that defendant Ben Taft Karnes was an employee of the United States Navy, earning a monthly cash wage of $96.60, which was paid by means of a check from the governmental establishment in the sum of $85 to defendant Matilda Karnes, the wife, and $11.60. in cash to the defendant husband. At the time of the hearing (July 1, 1938) the pay for the month of June had been earned but no part of it had as yet been received by either defendant; it was expected that in the ordinary course of business it would be received in about one week. Upon this showing plaintiff moved for an order that “the sum of Twenty-four and 15/100 Dollars ($24.15), be applied to the satisfaction of the Judgment, and that the said Defendants be ordered to return to the Court upon some date subsequent to July 8, 1938, for that purpose”. The motion was denied and defendants were discharged from the proceedings.
The order must be affirmed. The record presents no question as to abuse of discretion on the part of the trial court in refusing to order the defendants to return for further interrogation on a date subsequent when the debt due them should probably have been paid. The sole specification of *Supp. 770 error is “That the evidence was not sufficient to justify the decision ... in this, that from the undisputed testimony . . . the Defendant Ben Taft Karnes had earned the sum of Forty-eight and 30/100 Dollars ($48.30) at the time of the hearing, which sum he had not yet received and which sum should have been ordered by the Court to be applied toward to [s-ic] the satisfaction of the Judgment.” The fact recited in the specification that the money sought to be reached had not yet been received by the defendant is itself a complete answer to the error assigned. The court could not make a valid order requiring the defendant to make manual delivery of tangible property not in his possession or control (the money defendants had not yet received); likewise, the intangible property, the debt due to defendants, could be reached (if at all) only by proceedings under section 717, directed to the person owing that debt. The fact that in this case the debt was owed by a department of the United States government and that such debtor was therefore not amenable to the proceedings manifestly can neither alter the rule prescribed by the statute nor supply substance not contained therein.
We have not involved here any problem as to exemption of funds from execution, which seems to have been the point determined by the court in Hammond v. Hoskins, (1939) 30 Cal. App. (2d) (Supp.) 779 [79 Pac. (2d) 1116], and in which case the question of the power of the court to order disposition of funds not in the hands, or under the actual control, of parties before it appears not to have been considered. A proper construction of the language of section 719, . Code of Civil Procedure, considered in connection with section 720 and other provisions of said chapter 2, title 9, part 2, of the Code of Civil Procedure, gives- authority to the court to order a particular person—the judgment debtor or his debtor—to apply toward satisfaction of a judgment only such property as is within the possession or control of the particular person ordered to act. (11 Cal. Jur. 151.) Obviously the debtor could not be punished for contempt for failure to deliver possession of property not within his possession or control. The debt owed to defendant by the United States Navy was not property within his possession or control which he could be required to deliver to plaintiff. While the Supreme Court of Montana in the case of In re Downey, (1904) 31 Mont. 441 *Supp. 771 [78 Pac. 772], upheld a commitment for contempt on failure to obey an order made on a somewhat similar factual showing, it did so solely on the theory that the order was not so wholly void as to be open to the collateral attack there made, saying (pp. 773, 774), “That the order directing payment to the clerk out of the moneys to be collected by the complainant was erroneous is apparent when we look to the statute [which is substantially the same as the California statute] authorizing the proceeding in aid of execution. . . . There is no authority to require the debtor to collect his ehoses in action and apply them to the debt. Under the facts of this case, the court should have appointed a receiver to collect the claim of the debtor and apply it, or so much of it as was necessary. . . . But though all this is true, is the order therefore void, so as to be open to collateral attack in this proceeding! We think not. . . . If . . . the court fell in error, this was error only in the exercise of jurisdiction, which may not be reviewed and corrected by habeas corpus.” (See, also, Bruton v. Tearle, (1936) 7 Cal. (2d) 48 [59 Pac. (2d) 953, 106 A. L. R. 580].)
The order appealed from is affirmed, respondents to recover their costs of appeal.
Shaw, P. J., and Bishop, J., concurred.