SCHAUER, J.
 

 Plaintiff, having an unsatisfied judgment for a necessary of life (medical services) against defendant Helen Short, cited her to appear for examination in proceedings supplemental to execution pursuant to the provisions of section 715 of the Code of Civil Procedure (the material portions of said section 715 are quoted in
 
 Medical Finance Assn.
 
 v.
 
 Karnes,
 
 (1938) 32 Cal. App. (2d) (Supp.) 767 [84 Pac. (2d) 1076], whereupon it developed that she was employed as a Works Progress Administration administrator at a salary of $95 per month, payable semi-monthly, and that she then (February 17, 1939) had in her possession and under her control a check in her favor, payable February 15, 1,939, in the sum of $47.50 due her for services rendered during the preceding one-half month. Besides herself, defendant, from such earnings, and having no other means, was supporting a minor brother and contributing to the support of her mother. The court refused to order any portion of the sum represented by the check to be applied toward the satisfaction of the judgment and dismissed the proceeding. Plaintiff appeals; the order must be reversed.
 

 The money was due defendant not “as a pension, or retirement or disability or death or other benefit” (sec. 690.22, Code Civ. Proc.) but as wages
 
 (Hammond
 
 v.
 
 Hoskins,
 
 (1938) 30 Cal. App. (2d) (Supp.) 779 [79 Pac. (2d) 1116] and, although it may in fact have been needed by defendant for
 
 *Supp. 747
 
 the support of herself and family, one-half of such earnings was subject to execution, since the judgment against her was based on a necessary of life. (Sec. 690.11, Code Civ. Proc.) Whether money received as wages by one employed under the Works Progress Administration should be wholly exempt from execution is a matter of policy which must be determined by the legislative, rather than the judicial, branch of government. The courts may not sanction claims of exemption not created by statute
 
 (Security-First Nat. Bank
 
 v.
 
 Pierson,
 
 (1934) 2 Cal. (2d) 63, 65 [38 Pac. (2d) 784] ;
 
 Wade
 
 v.
 
 Rathbun,
 
 (1937) 23 Cal. App. (Supp.) 758, 761 [67 Pac. (2d) 765].)
 

 Although the intangible credit could not be reached by plaintiff in such a proceeding as this while it remained a mere debt due from the government to defendant
 
 (Medical Finance Assn.
 
 v.
 
 Karnes,
 
 (1938) 32 Cal. App. (2d) (Supp.) 767 [84 Pac. (2d) 1076]), it became available and amenable to control of the court when its character and status were changed to the extent of its becoming tangible property in the actual possession and control of defendant, i. e., when she received the check. If necessary or expedient in securing the conversion of the check into legal tender and the application of one-half thereof toward satisfaction of the judgment, the court may appoint a receiver for that purpose
 
 (McCutcheon
 
 v.
 
 Superior Court,
 
 (1933) 134 Cal. App. 5, 8, 9 [24 Pac. (2d) 911] ;
 
 Bruton
 
 v.
 
 Tearle,
 
 (1936) 7 Cal. (2d) 48, 53 [59 Pac. (2d) 953].)
 

 The order of the court discharging defendant from the supplemental proceeding is reversed with directions to proceed in a manner not inconsistent with this opinion, appellant to recover its costs of appeal.
 

 Shaw, P. J., and Bishop, J., concurred.