## APPLEGATE v. APPLEGATE et al.

### No. 155.

District Court, E. D. Virginia, Norfolk Division.

Aug. 4, 1941.

Richard B. Washington, of Washington, D. C., and Earl W. White, of Norfolk, Va., for plaintiff.

H. M. Woodward, of Norfolk, Va., for defendant Applegate.

Sterling Hutcheson, U. S. Atty., of Richmond, Va., and Russell Bradford, Asst. U. S. Atty., of Norfolk, Va., for defendant Johnson.

WYCHE, District Judge.

This is an action by Rosann Applegate against Franklin Tyler Applegate, and R. H. Johnson, as United States Navy Disbursing Officer, praying for an injunction and the appointment of a sequestrator for the purpose of collecting unpaid alimony under a divorce decree of the District Court of the United States for the District of Columbia. It is before me upon motion of the defendants to dismiss upon the following grounds: (1) The Court has no jurisdiction; (2) The fund in question is in the hands of the United States and is not subject to garnishee process; (3) There is no judgment or decree of this Court on which supplementary proceedings can be predicated; (4) The Court has no power to issue garnishee process on the judgment or decree of the District Court for the District of Columbia; (5) This is not a proper case for sequestration since the plaintiff has no lien on, claim to or interest in the fund in question; (6) The plaintiff's petition states no claim upon which the relief prayed for can be granted. The defendant, R. H. Johnson, as Disbursing Officer, United States Navy Yard, moves for dismissal upon the following additional grounds: (a) As an individual, he is not indebted to the defendant Applegate and his dealings with that defendant are solely in his official capacity, as Disbursing Officer for the United States; (b) This action is in effect an action against the United States involving a matter on which the United States has never consented to being sued.

The plaintiff is the divorced wife of the defendant Applegate. In October, 1936, she was granted an absolute divorce and awarded alimony at the rate of one hundred, twenty-five ($125) dollars, per month, by the District Court of the United States for the District of Columbia. It is claimed that the defendant has not fully paid this alimony and now owes the plaintiff the sum of one thousand, twenty-five ($1,025) dollars. That is the amount in controversy. The plaintiff is now a citizen of Pennsylvania. The defendant, Applegate, is a Lieutenant Commander, United States Navy, retired, and is now a citizen of Virginia, residing in this District. As such retired officer, he receives pay from the United States. This is paid him by checks drawn on the United States Treasury by the defendant, R. H. Johnson, Captain, United States Navy, and who is Disbursing Officer for the United States at Norfolk. These checks are drawn by Johnson and delivered to Applegate semimonthly. The plaintiff is seeking to sub-

ject the defendant Applegate's pay to the satisfaction of her claim.

Upon these facts, the plaintiff seeks the appointment of a sequestrator to take charge of any property or funds belonging to or becoming due to the defendant Applegate, particularly the amounts paid him by the United States through Disbursing Officer Johnson. She asks that Johnson as Disbursing Officer of the United States Navy be enjoined from delivering further checks or funds to Applegate until her claim is satisfied, and that Johnson be directed to deliver the same to the sequestrator, and that he be authorized to cash such checks and, subject to the order of the Court, apply the proceeds toward the payment of her claim.

While the first additional ground assigned by Johnson may go somewhat beyond the record, it was freely conceded during the argument that no claim was being asserted that Johnson as an individual owed the defendant Applegate any money or had any property belonging to that defendant in his possession. The sole purpose of the action is to reach Applegate's retired pay from the United States, which he receives through Johnson as Navy Paymaster.

■ The first question raised by the motions is that of jurisdiction. The plaintiff and defendant Applegate are citizens of different States, but the amount in controversy is only one thousand, twenty-five ($1,025) dollars, less than the jurisdictional amount. 28 U.S.C.A. § 41(1). The State of which Johnson is a citizen is not set out, but assuming that he is not a citizen of Pennsylvania, where the plaintiff resides, there is diversity of citizenship, but lack of jurisdictional amount. Federal Courts are courts of limited jurisdiction. With the exception of the Supreme Court, they have no jurisdiction beyond that granted them by the Congress. Generally, the jurisdiction of the District Courts is fixed by 28 U.S.C.A. § 41. This action does not come within any of the provisions of that statute. Nor has the plaintiff been able to point out any other Federal statute under which this Court has been granted jurisdiction in a matter of this kind. Every complainant must, in order to maintain his action, point to some constitutional statute granting this Court jurisdiction to hear his case. The plaintiff here has pointed to no stat-

ute under which this action may be maintained.

■ Federal Courts outside of the District of Columbia and of certain territories have no jurisdiction generally pertaining to divorce and alimony. That has been left entirely to the state courts. While as in other cases of debt, the District Courts have jurisdiction to enforce unpaid alimony, there must be diversity of citizenship and jurisdictional amount involved. Barber v. Barber, 21 How. 582, 16 L.Ed. 226; Rose's Fed. J. & P., 3rd Ed., §§ 189, 190.

■ Nor is this an ancillary proceeding. The District Court for the District of Columbia is not now engaged in administration and distribution of property within its custody. The fact that the decree upon which this action is predicated is the decree of a Federal Court in another district does not thereby grant to this Court jurisdiction in matters in which it otherwise does not have jurisdiction. Such decrees can only be enforced in another District by an independent action instituted therein and based upon proper jurisdictional facts. Rose's Fed. J. & P., 3rd Ed., § 236. Judgments and decrees of a District Court, except when in favor of the United States, do not run and cannot be executed beyond the state or district in which the Court sits. 28 U.S.C.A. §§ 812, 814, 838, 839. In coming into this Court upon a decree of the District Court for the District of Columbia, the plaintiff to all practical purposes occupies the same position as if she were relying upon the decree of a competent Court of one of the States. In order to maintain her action here, she must show some claim bringing herself within the jurisdiction granted to this Court by the Congress. Failing that, the Court cannot proceed with her case.

The next point by the defendants raises the question of the right of a judgment creditor to attach or garnishee a debt due to his debtor by the United States. Whatever the form of this action, it amounts in fact to an attachment and garnishment against the United States.

■ That such action cannot be maintained without the consent of the United States to being sued has long been established. The rule laid down by Justice McLean in Buchanan v. Alexander, 4 How. 20, 11 L.Ed. 857, has never been

departed from. While the Congress has seen fit to waive the immunity of the United States from suit in the case of certain money claims against it and also in case of many of the corporations created by it, it has so far never waived that immunity and permitted attachment or garnishee proceedings against the United States Treasury or its Disbursing Officers. This cannot be done either directly, or indirectly through the appointment of a sequestrator or receiver or by contempt order against the debtor defendant. McGrew v. McGrew, 59 App.D.C. 230, 38 F. 2d 541.

■ This is not a question of any right of personal exemption on the part of the defendant Applegate but of the sovereign immunity of the United States from suits to which it has not consented. This immunity from suit cannot be evaded by making an officer of the United States in his official capacity defendant instead of making the Government itself a defendant. An officer acting in his official capacity and within his legal rights is acting for the United States. A suit against him in his official capacity is a suit against the Government, and cannot be maintained without legislative consent. Hill v. United States, 9 How. 386, 13 L.Ed. 185; United States of America, Petitioner, v. Jacob L. Sherwood, 61 S.Ct. 767, 85 L.Ed. ——, decided by the Supreme Court of the United States March 31, 1941. Until the Congress sees fit to grant such consent, the Courts are powerless to entertain such actions.

■ Nor does this appear to be a proper case for the appointment of a sequestrator. As a matter of fact, the appointment of such officer has largely fallen into disuse and is now rarely done. Granted that the right to sequestration still exists and that in some cases it may be proper to use such an officer, before it can be done the plaintiff must show some right of ownership in, privilege to or lien upon the specific property sought to be reached. The primary subject of the proceeding is usually to maintain the status quo of specific property until the rights of the contestants thereto can be determined. 57 Corpus Juris 194, section 29, 196 section 35, 301 section 45, 205 section 53. In this case the plaintiff has alleged no right of ownership, privilege or lien to any particular property. If the fund in question were attachable, and other jurisdictional facts existed, she would have no need for sequestration but could reach the property or fund by the ordinary process for the collection of judgments.

It follows from what has been said that the Court has no jurisdiction over the subject matter; that funds in the hands of the United States Treasury or in the hands of its disbursing officers are not subject to garnishment or attachment, and that the plaintiff has wholly failed to set up any claim upon which the relief prayed for can be granted. Therefore, her action must fail and the defendants' motion to dismiss must be sustained.