CLARISE SPORTSWEAR CO., Inc.
v.
U & W MANUFACTURING COMPANY
and
Defense Clothing and Textile Supply Center of Philadelphia, Garnishee.

Civ. A. No. 34429.

United States District Court
E. D. Pennsylvania.

Dec. 4, 1963.

Howard Gittis, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for plaintiff.

No appearance entered for defendant.

Drew J. T. O'Keefe, U. S. Atty., Sidney Salkin, Asst. U. S. Atty., Philadelphia, Pa., for garnishee.

CLARY, Chief Judge.

This case is presently before the Court for disposition of the motion of Clarise Sportswear Co., Inc., the plaintiff, to remand to the Court of Common Pleas of Philadelphia County, and the motion of Defense Clothing and Textile Supply Center of Philadelphia, the garnishee, to dismiss the writ of foreign attachment issued from the Court of Common Pleas of Philadelphia County and to dissolve the attachment.

The above motions were consolidated for hearing held on November 13, 1963 at which it was proven to the satisfaction of the Court that the garnishee is an agency of the United States of America and as such is immune from suit in either a Federal or a State tribunal. (Exhibits G–1, 2, 3, 4).

Plaintiff contends that the garnishee is not a defendant in the State action as required by 28 U.S.C.A. § 1441(a) and therefore could not remove this suit, and also that the present proceeding in the State Court is not a civil action within the meaning of 28 U.S.C.A. § 1442(a). Plaintiff, in support of its

position, cites Pennsylvania law. However, this controversy is to be decided by Federal law, as was stated in Stoll v. Hawkeye Casualty Co., 185 F.2d 96 at page 99 (8 Cir. 1950), "The question whether a civil action is removable and has been properly removed is one for the consideration of the federal court and is not controlled by State law" (citing cases). The Court, in Stoll, then went on to hold that garnishment was a civil action within § 1441. The Stoll case was followed in Randolph v. Employers Mutual Liability Ins. Co. of Wis., 260 F.2d 461 (8 Cir. 1958). The present case was properly removed to this Court.

█ The garnishee, being an agency of the United States of America, was not amenable to any process of the State Court. The rule was stated in Buchanan v. Alexander, 4 How. 20, 11 L.Ed. 857 (1846), a case in which creditors of seamen attached funds due them in a purser's hands. The Court stated at 4 How. pages 20, 21:

> "The funds of the government are specifically appropriated to certain national objects, and if such appropriations may be diverted and defeated by State process or otherwise, the functions of the government may be suspended. *So long as money remains in the hands of a disbursing officer, it is as much the money of the United States as if it had not been drawn from the treasury. Until paid over by the agent of the government to the person entitled to it, the fund cannot, in any legal sense, be considered a part of his effects. The purser is not the debtor of the seamen.*" (Emphasis supplied)

This was reiterated in Applegate v. Applegate, 39 F.Supp. 887 (E.D.Va.1941), a case in which a divorcee sued her ex-husband, a retired Navy man, for back alimony and sought to enjoin the Disbursing Officer of the United States Navy from further delivering funds to the ex-husband and to deliver the same to the sequestrator. The Court pointed out that the sole purpose of the suit was to reach the ex-husband's retirement pay from the United States which he received from the above mentioned paymaster. After discussing the jurisdictional point as to alimony, the Court dealt with the action pertaining to the paymaster as follows:

> "The next point by the defendants raises the question of the right of a judgment creditor to attach or garnishee a debt due to his debtor by the United States. Whatever the form of this action, it amounts in fact to an attachment and garnishment against the United States.

> "That such action cannot be maintained without the consent of the United States to being sued has long been established. The rule laid down by Justice McLean in Buchanan v. Alexander, 4 How. 20, 11 L.Ed. 857, has never been departed from. While the Congress has seen fit to waive the immunity of the United States from suit in the case of certain money claims against it and also in case of many of the corporations created by it, it has so far never waived that immunity and permitted attachment or garnishee proceedings against the United States Treasury or its Disbursing Officers. This cannot be done either directly, or indirectly through the appointment of a sequestrator or receiver or by contempt order against the debtor defendant. McGrew v. McGrew, 59 App.D.C. 230, 38 F.2d 541."

The case of Fischer v. Daudistal, 9 F. 145 (3 Cir. 1881) is directly on point. In that case, a suit of foreign attachment was brought in the State Court and John F. Hartranft, Collector of the Port of Philadelphia, was named garnishee. The case was removed to the Circuit Court, and on a motion to remand the case to the State Court, and a motion to quash the writ of foreign attachment, the motion to remand was denied and the writ of foreign attachment was set aside. The identical arguments made in this case by defendant were also made in that case and rejected.

## ORDER

And now, to wit, this 4th day of December, 1963, for the reasons set forth above, it is ordered, adjudged and decreed that the plaintiff's motion to remand be and it is hereby denied.

It is further ordered that garnishee's motion to dismiss the writ of foreign attachment and to dissolve the attachment be and it is hereby granted.