**Mary Francis ARNOLD, Plaintiff,**

v.

**UNITED STATES of America et al.,
Defendants.**

**Civ. A. No. 71-G-89.**

United States District Court,
S. D. Texas,
Galveston Division.

Aug. 26, 1971.

Herman Gordon, Houston, Tex., for plaintiff.

Lavern D. Harris, Kerrville, Tex., Anthony J. P. Farris, U. S. Atty., Houston, Tex., and George R. Pain, Asst. U. S. Atty., Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

NOEL, District Judge.

The instant controversy originated when a divorce action was commenced in the Court of Domestic Relations of Brazoria County, Texas, wherein Mary Francis Arnold was plaintiff and Gerald Eugene Arnold was defendant. Subsequently plaintiff amended her original petition naming the United States of America as one of the defendants. In such pleading plaintiff alleged that she was entitled to, as part of a property settlement in the divorce proceedings, certain United States Navy retirement and disability benefits which are payable to her husband, Gerald Arnold.

Upon motion by the United States, and in accordance with the provisions of 28 U.S.C. § 1441(b), the action was removed to this federal jurisdiction for determination.

Defendant United States of America has now moved to dismiss this action per Rule 12(b) (2) Fed.R.Civ.P. (i. e. "lack of jurisdiction over the person") for the reason that plaintiff's suit constitutes an action against the United States of America to which it has not consented to be sued. In reply plaintiff moved the Court to retain jurisdiction over that portion of the cause in which Mary Francis Arnold is plaintiff and the United States of America is defendant. Plaintiff asserts that under the property laws of Texas she has a vested property right in and to her husband's retirement funds and benefits; and, that although the United States of America has not consented to this suit, it does arise as a claim or right arising under the laws of the United States as stated in 28 U.S.C. § 1441(b) since it involves a United States military service retirement fund as authorized by the applicable federal statutes applying to such military or veterans retirement benefits, 10 U.S.C. § 1401. Furthermore, plaintiff argues that the requisite consent in suits against a governmental agency should not be a predicate in litigation such as the instant case where the purpose of the action is solely to establish a vested property interest and not to sue the United States of America as a typically adverse defendant.

This suit by plaintiff is in effect a garnishment action against the United States of America, and such suit may not be maintained without the consent of the government to be sued. See New Haven Public Schools v. General Services Administration, 214 F.2d 592 (7th Cir. 1954); Love v. Royall, 179 F. 2d 5 (8th Cir. 1950); United States Dept. of Agriculture v. Hunter, 171 F.2d 793 (5th Cir. 1949). It is also clear that the waiver of sovereign immunity may be effectuated only by act of Congress. See In re Greenstreet, Inc., 209 F.2d 660 (7th Cir. 1942). It is thus the plaintiff's burden in the instant case to affirmatively demonstrate the requisite consent and her place within the terms of the same. See Kirk v. Good, 13 F.Supp. 1020 (E.D. Mo. 1929).

A suit, however captioned, is one against the United States if the judgment sought would expend itself on the public treasury or interfere with the public administration. See Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). The *results* of the judgment or decree which may be entered should be of controlling importance. See State of New Mexico v. Backer, 199 F.2d 426 (10th Cir. 1952); Jones v. Tower Production Co., 138 F.2d 675 (10th Cir. 1943).

The case of Applegate v. Applegate, 39 F.Supp. 887 (E.D.Va.1941) is directly on point. Similarly, in that case a divorcee sued her former husband, a retired Navy man, for back alimony and sought to enjoin the Disbursing Officer of the United States Navy from further delivering funds to the defendant, as well as to deliver the same to the sequestrator. The

court pointed out that the sole purpose of the suit was to reach the defendant's retirement pay from the United States which he received from the above-mentioned paymaster. After discussing the jurisdictional point as to alimony, the court dealt with the action pertaining to the paymaster as follows:

The next point by the defendants raises the question of the right of a judgment creditor to attach or garnishee a debt due to his debtor by the United States. Whatever the form of this action, it amounts in fact to an attachment and garnishment against the United States.

That such action cannot be maintained without the consent of the United States to being sued has long been established. The rule laid down by Justice McLean in Buchanan v. Alexander, [45 U.S.] 4 How. 20, 11 L.Ed. 857 (1846) has never been departed from. While the Congress has seen fit to waive the immunity of the United States from suits in some instances involving the federal government or claims against its administrative agencies, it has so far never waived that immunity and permitted attachment or garnishee proceedings against the United States Treasury or is Disbursing Officers.

39 F.Supp. at 889–890. Also see Allen v. Allen, 291 F.Supp. 312 (S.D.Iowa, 1968).

The rule of Buchanan v. Alexander, 45 U.S. (4 How.) 20, 11 L.Ed. 857 (1846) referred to above in *Applegate* is stated at 4 How. pp. 20, 21, 11 L.Ed. 857:

The funds of the government are specifically appropriated to certain national objects, and if such appropriations may be diverted and defeated by State process or otherwise, the functions of the government may be suspended. So long as money remains in the hands of a disbursing officer, it is as much the money of the United States as if it had not been drawn from the treasury. Until paid over by the agent of the government to the person entitled to it, the fund cannot, in any legal sense, be considered a part of his effects. The purser is not the debtor of the seamen.

■ Therefore, in view of the above determination that the plaintiff's suit is against the United States, it follows that this Court is without jurisdiction to entertain the litigation absent some affirmative demonstration by the plaintiff that Congress has consented to be sued in these circumstances. Plaintiff has not met this burden, nor has the Court's independent effort revealed the existence of any such consent. It follows that the plaintiff's action cannot be maintained. For additional support of this conclusion see Stoll v. Hawkeye Casualty Co., 185 F.2d 96 at p. 99 (8th Cir. 1950); Randolf v. Employers Mutual Liability Ins. Co. of Wis., 260 F.2d 461 (8th Cir. 1958); Clarise Sportswear Co., Inc. v. U & W Manufacturing Co., Inc., 223 F. Supp. 961 (D.C.1963).

Accordingly, this action is dismissed. Rule 12(b) (2). Defendant shall promptly submit a proposed form of order consistent with this result, after approval as to form by opposing counsel.