BANK OF DENVER, Plaintiff,

v.

Laura F. ROMSTROM, Defendant,

and

Department of Housing and Urban Development, Garnishee.

Civ. A. No. 80–K–818.

United States District Court,
D. Colorado.

Sept. 8, 1980.

Adam M. Dalmy, Mason, Reuler & Peek, Denver, Colo., for plaintiff.

C. Scott Crabtree, Asst. U. S. Atty., Denver, Colo., for defendant.

## ORDER

KANE, District Judge.

This case comes before the court on the garnishee's motion to dismiss or quash the writ of garnishment. Plaintiff, Bank of Denver has obtained a judgment against the defendant, Laura F. Romstrom. A writ of garnishment was then served on the garnishee, The Department of Housing and Urban Development. The garnishee has filed a motion to dismiss the writ on the grounds of sovereign immunity. Plaintiff maintains that HUD has waived sovereign immunity and is therefore subject to suit.

## SOVEREIGN IMMUNITY

In *Federal Housing Administration, Region No. 4 v. Burr*, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940) the Supreme Court held that the Federal Housing Administration[1] is subject to garnishment proceedings. The court reasoned that 12 U.S.C.A. § 1702 provides that the administrator, in carrying out the provisions of this title, is authorized, in his official capacity, to sue and be sued. Such waivers of governmental immunity should be liberally construed. In the absence of any implied exceptions or restrictions, sue and be sued embraces all civil processes incident to the commencement or continuance of legal proceedings including garnishment. The court held that Title I gives the administrator, *inter alia*, authority to appoint such officers and employees as he may find necessary, thereby authorizing suits regarding employment contracts.

In the instant case HUD claims that it is not subject to garnishment, despite *Burr*, because of 42 U.S.C. § 659 (1975) which specifically waives the sovereign immunity of the United States from garnishment for a very limited set of legal obligations, namely, legal process brought for the enforcement of child support and alimony. HUD argues that the *Burr* decision leaves the door open for lower court modification by the following language:

Rather if the general authority to 'sue and be sued' is to be delimited by implied exceptions, it must be clearly shown that certain types of suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the 'sue and be sued' clause in a narrow sense. *Id.* at 245, 60 S.Ct. at 490, footnotes omitted.

The argument is that since none of the above conditions existed at the writing of *Burr* and the Supreme Court "was operating in a legislative vacuum regarding any indication by Congress that" any restriction regarding garnishment actions was contained in the sue and be sued clause, the inclusion of garnishment actions was temporarily required. Temporary, that is, until Congress made its purpose plain. In 1975, with amendments in 1977, the plain pur-

---

1. As amended Pub.L. 90–19, 1967 substitutes "Department of Housing and Urban Development" and "Secretary" for "Federal Housing Administration" and "Commissioner."

pose, it is argued, was revealed in Public Law 93–647, designated as 42 U.S.C. § 659. The statute reads:

(a) Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon renumeration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed forces, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

The statute is found under the title relating to public health and welfare. Thus, the government contends, "Congress has now by express and specific legislation indicated the kind of 'exception' to the 'sue and be sued' clause that was not previously available to the U. S. Supreme Court in *Burr, supra.*" This reasoning has been rejected by several courts. In *Beneficial Finance Co. of N.Y. Inc. v. Dallas,* 571 F.2d 125 (2nd Cir. 1978) the court in finding that the United States Postal Service is not immune from garnishment proceedings, held that many federal instrumentalities were not immune to suit prior to § 659 (citing *Burr*), and that this section merely creates a blanket exception from immunity for all federal agencies respecting certain garnishments. *See also United Virginia Bank/National v. Eaves,* 416 F.Supp. 518 (D.Va.1976). In *Iowa–Des Moines National Bank v. U. S.,* 414 F.Supp. 1393 (D. Iowa 1976), the court revealed that in the case cited in the legislative history to the act, *Applegate v. Applegate,* 39 F.Supp. 887 (D.Va.1941) it was acknowledged that Congress has seen fit to waive the immunity of the United States from suit as to certain money claims and also in the case of many of the corporations created by them. The *Iowa* court reasoned that this must have included the Federal Housing Administration, now HUD, because *Burr* was decided the year before *Applegate.*

I still look to *Burr* and consider it authoritative. There has been no showing, clear or obscure, that a garnishment proceeding is inconsistent with the statutory scheme or purpose of HUD. There has been no clear showing that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for any other reason it was plainly the purpose of Congress to use the "sue and be sued" clause in a narrow sense. Problematically, one wonders whether the rationale of the government's argument here would lead it to conclude that HUD likewise has no authority to initiate garnishment proceedings in order to satisfy judgments in its favor.

Further, I find no evidence or reason to suppose that Congress intended by its enactment of § 659 to limit the rights of judgment creditors. Rather, the intent is to make certain that at least in the area of child support and alimony such rights would be extended. To accept the government's argument would lend credence to the idea that HUD employees constitute a separate class of individuals who are shielded from the payment of adjudicated debts while others are not and that creditors must deal with them at their peril and without satisfactory recourse to the remedies afforded by the laws of the several states.

## PROCEEDINGS AGAINST THE SECRETARY

In *Burr* suit was brought against the agency itself rather than the administrator. But the court concluded that the statute by authorizing suits by or against the administrator, in his official capacity, permits actions by or against the agency. The administrator acts for and on behalf of the agency, since by the express terms of the Act all of the powers of the agency "shall be exercised" by him. Hence action by him in the name of the agency would be action in his official capacity. *Burr,* at 247–8. This has been cited many times to support the proposition that § 1702 authorizes the Secretary

to sue and be sued in connection with the performance of his duty under the act, or in his official capacity. *Garden Homes v. Mason*, 249 F.2d 71 (1st Cir. 1957), *Battles Farm Co. v. Hills*, 414 F.Supp. 521 (D.D.C. 1976), *Underwood v. Hills*, 414 F.Supp. 526 (D.D.C.1976), *Sacramento v. Secretary of HUD*, 363 F.Supp. 736 (D.Ca.1972). In *Burr*, the court held that employment contracts were within the official capacity of the secretary in carrying out § 1702. Since the employee could sue on this contract and recover monies due, allowing garnishment of the same money does not enlarge the agency's liability. *Burr*, at 238. Therefore a suit against the secretary is a suit against him "in his official capacity" and the agency may thus be liable.

## EXECUTION UNDER THE JUDGMENT

In *Burr* the court held that execution is part of the civil process embraced within the "sue and be sued" clause. However, claims against a corporation are normally collectible only from corporate assets. That proposition holds true here also. Congress has directed that claims against HUD shall be paid out of funds made available under the Housing Act. Hence only those funds which have been paid over to HUD and hence severed from the Treasury are subject to execution. The United States Treasury is not subject to execution because the United States has not waived immunity to that extent. Therefore in a suit against the Secretary money paid to HUD pursuant to § 1 is subject to garnishment.

## CONCLUSION

It seems clear that HUD is subject to garnishment proceedings. *F.H.A. v. Burr* is directly on point and is still good law. The reasoning advanced by HUD as to 42 U.S.C. § 659 has been rejected by several courts based on *Burr* and the legislative history of the act. Any suit against the Secretary in his official capacity subjects the funds of the agency to execution. It is therefore

ORDERED that the motion to dismiss or quash the writ of garnishment is denied; the writ must be obeyed. It is further

ORDERED that this case and civil action are deemed closed subject to reopening at the request of any party. Each party to bear its own costs.