**The CENTRAL PRODUCTION CREDIT ASSOCIATION, Plaintiff,**

v.

**James M. RAYMOND, et al., Defendants,**

**United States of America Acting By and Through the Agricultural Stabilization and Conservation Service, United States Department of Agriculture, Garnishee.**

**No. H–C–90–5.**

United States District Court, E.D. Arkansas, E.D.

March 19, 1990.

William A. Waddell, Jr., Friday, Eldredge & Clark, Little Rock, Ark., for plaintiff.

Linda B. Lipe, Asst. U.S. Atty., E.D. Arkansas, Little Rock, Ark., for Garnishee, U.S.

Daniel K. Schieffler, West Helena, Ark., for defendants.

## ORDER

ROY, District Judge.

Before the Court is the Motion to Dismiss filed by the garnishee, United States of America. The United States contends that 15 U.S.C. § 714b(c) prohibits garnishment against Commodity Credit Corporation, operating agency for ASCS. The plaintiff has responded, citing two Arkansas state court cases in support of its proposition that the garnishment is intended to attach property of the defendants which happens to be in the hands of the United States. Plaintiff also states that it cannot tell the Court that the funds it is attempting to garnish are already designated to be the property of James M. Raymond or the other defendants.

Commodity Credit Corporation, a federal corporate instrumentality, is the operating agency for the Agricultural Stabilization and Conservation Service which operates through committees selected pursuant to 16 U.S.C. § 590h. Pursuant to 15 U.S.C. § 714b(c), the Commodity Credit Corporation Charter Act, the Corporation, "May sued and be sued, but no attachment, injunction, garnishment or other similar process, mesne or final, shall be issued against the corporation or its property."

In *Graves Brothers, Inc. v. Lasley*, 190 Ark. 251, 78 S.W.2d 810 (1935), the Court held that a check payable to a tenant by the Secretary of Agriculture, pursuant to a crop control agreement under which the tenant destroyed growing cotton on which the landlord had a lien, which check was in

the hands of the Secretary's local agents, was subject to an equitable action of garnishment. The Court in *Graves* concluded that this holding was not in conflict with the general rule declared by the Supreme Court in *Buchanan v. Alexander*, 45 U.S. (4 How.) 20, 11 L.Ed. 857 (1846). The Court stated that when the public interest in the subject-matter ends, the reason for the rule ceases, and that equitable garnishment may then be invoked.

In *Cummings v. Fingers*, 296 Ark. 276, 753 S.W.2d 865 (1988), a writ of garnishment was filed against ASCS's local office and when ASCS ignored the garnishment proceeding, the plaintiff petitioned the court to compel the debtor to obtain the funds from ASCS and place them with the registry of the court. The court found that ASCS was not subject to the court's orders and dismissed the writ of garnishment proceeding but held that the court had inherent power, including contempt powers, to direct the debtor to deposit the funds, equal to the amount of the judgment, in its registry. After paying those funds into the court, the debtor appealed the matter to the Arkansas Supreme Court. On appeal, the debtor's primary argument was that under 15 U.S.C. § 714b(c), neither the ASCS nor its property is subject to attachment, injunction, garnishment or similar process and that the trial court's order was merely a "left-handed" or indirect attempt at a process which was prohibited by federal law. The Supreme Court of Arkansas disagreed, and after interpreting the federal statute, found the funds subject to garnishment.

While the Arkansas supreme court may engage in an analysis of 15 U.S.C. § 714b(c), a federal district court sitting in the State need not adhere to that decision, especially if it strays from its own interpretation of federal law. *Brown v. Dean Witter Reynolds, Inc.*, 601 F.Supp. 641 (S.D. Fla.1985), *rev'd on other grounds*, 804 F.2d 129 (11th Cir.1986); *See Sola Electric Co. v. Jefferson Electric Co.*, 317 U.S. 173, 176, 63 S.Ct. 172, 173, 87 L.Ed. 165 (1942).

The Court begins with the premise that the United States is immune from suit other than those instances in which it has consented to be sued. *United States v.*
*Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *United States v. Shaw*, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). This immunity extends to suits which are nominally against officers or agents of the Government, but in which the relief sought is actually asked against the United States. *United States v. Griffin*, 303 U.S. 226, 58 S.Ct. 601, 82 L.Ed. 764 (1938). Moreover, an action against property in which the United States claims an interest is an action against the United States. *United States v. Brosnan*, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960). Finally, it is well settled that the United States and its non-suable agencies cannot be attached or garnished by people having claims against Government obligors. *Buchanan v. Alexander*, 45 U.S. (4 How.) 20, 11 L.Ed. 857 (1846); *United States v. Sherwood, supra; FHA v. Burr*, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940).

As stated by the United States, the landmark case regarding garnishment actions against funds in the custody and control of the United States is *Buchanan v. Alexander, supra.* The Court in *Buchanan* was confronted with a garnishment action served upon the purser of a ship to seize funds in his hands which were due certain seamen to whom funds were owed as salary. The Court stated:

> The funds of the government are specifically appropriated to certain national objects, and if such appropriations may be diverted and defeated by State process or otherwise, the functions of the government may be suspended. So long as money remains in the hands of a disbursing officer, it is as much the money of the United States, as if it had not been drawn from the treasury. Until paid over by the agent of the government to the person entitled to it, the fund cannot, in any legal sense, be considered a part of his effects. The purser is not the debtor of the seamen.

*Id.* at 20–21.

This was reiterated in *Applegate v. Applegate*, 39 F.Supp. 887 (E.D.Va.1941), where the Court stated:

> The next point by the Defendants raises the question of the right of a judgment

988

creditor to attach or garnishee a debt due to his debtor by the United States. Whatever the form of this action, it amounts in fact to an attachment and garnishment against the United States.

That such action cannot be maintained without the consent of the United States to being sued has long been established. The rule laid down by Justice McLean in *Buchanan v. Alexander,* 4 How. 20, 11 L.Ed. 857, has never been departed from. While the Congress has seen fit to waive the immunity of the United States from suit in the case of certain money claims against it and also in case of many of the corporations created by it, it has so far never waived that immunity and permitted attachment or garnishee proceedings against the United States Treasury or its Disbursing Officers. This cannot be done either directly, or indirectly through the appointment of a sequestrator or receiver or by contempt order against the debtor defendant. *McGrew v. McGrew,* 59 App.D.C. 230, 38 F.2d 541.

*Id.* at 889–890; *See also Clarise Sportswear Co. v. U & W Manufacturing Co.,* 223 F.Supp. 961 (E.D.Penn.1963).

In *McCarthy v. United States Shipping Board,* 53 F.2d 923 (D.D.C.1931), *cert. denied,* 285 U.S. 547, 52 S.Ct. 408, 76 L.Ed. 938 (1932), the Court held that the employee of the Board is an employee of the United States and that funds in the hands of the Board due the employee as salary were not subject to garnishment.

Unlike some other "sue and be sued" statutes, the statute in question additionally explicitly prohibits garnishment against the corporation. The Court finds that in light of the explicit language contained in the federal statute as well as the federal law interpreting the statute, as long as the property (program funds) are in the hands of the agency, the statute applies and this garnishment action should be, and is hereby dismissed.

ORDERED.